STANARD, J.
The claim asserted by the original bill of the appellants is, that they have purchased a tract of land at a sale made by the marshal of the United States under the authority of a treasury warrant issued against Nathaniel Craighill the former owner of the land, and other sureties of William P. Craighill. Their complaint is that before such sale the land in question was fraudulently conveyed by N. Craighill to some of the defendants, for the benefit of others of them, and the relief ^sought is a decree to set aside the said fraudulent conveyance, and to give them possession of the land.
The title to the relief depends, 1st. on the establishment of the validity of the title of the appellants under their purchase at the marshal’s sale, supposing the previous conveyance of Nathaniel Craighill had not been made; and 2dly, on convicting that conveyance of the imputed fraud, or of some other infirmity which deprives it, or ought in the judgment of a court of equity to deprive it, of any efficacy in respect to the antagonist title from the sale and conveyance.
The title of the appellants under the sale and conveyance has been objected to on various grounds: and the first enquiry is that presented by the proposition, to the maintenance of which the force of the able argument of the appellant’s counsel was mainly directed, to wit, that the court cannot, in this litigation, take cognizance of objections to the title claimed under the sale and conveyance of the marshal, founded on the irregularities of that officer in the levy and sale, but that such objections could only be urged in the federal court, under the fourth section of the act of congress authorizing the proceeding by distress warrant.
To this proposition I cannot assent. The remedy given by the 4th section is against the warrant as issued, and is intended to protect from injury that might result from the undue emanation of the process, or excess in the amount for which it might emanate; not to redress injuries resulting from the undue or irregular execution of it. It is insisted, further, that the proceedings under the warrant are analogous to those under an execution from a court of record, and that irregularities in the proceedings of the officer must be corrected by application to the authority from which the process emanates, and cannot be urged in another forum against the title derived from the execution of the process. The analogy is not *a sound one. In case of the warrant, the process does not issue from a court; and though the act directs that a record of the levy shall be made in the officer of the clerk of the district, it gives the court no cognizance over it, nor does it direct that the marshal shall make return, or record of any kind, of his proceedings in further execution of the warrant. The party then had no day *603 in court to urge objections to the undue levy and sale under the warrant. The sale under the warrant bears a stricter analogy to one for the nonpayment of taxes, than to one under an execution issuing from and returnable to a judicial authority. The whole proceeding in both is ministerial; all the functionaries are ministerial, executing power conferred by law ; and the title is derived under the law, only in cases in which it appears that the authority which the law gives has been strictly pursued. Like power derived from the conventions of individuals, it cannot displace or transfer property from one to another, unless it be pursued: and to the title claimed under it, the due execution of the power, according to the provisions which direct and limit its exercise, is as necessary as the power itself. Title is the offspring of the conjoint operation of the power and the due exercise of it; and he who asserts it is equally bound to shew the one as the other.
The title of the purchasers under the sale and conveyance of the marshal is, I think, liable to be repelled by shewing that the levy and sale were not duly and regularly made; especially by parties holding the attitude of defence: and in this case the purchasers have not only failed to prove that in the levy and sale the directions of the act were observed, but the defendants have affirmatively shewn a deviation from them in several respects. Under the mandate of a warrant issued in pursuance of the act, the lands of a surety were not liable to be levied on and sold, but in defect of the goods and chattels of the principal and sureties; and *yet, in this case, no such want of goods and chattels appears. On the contrary, it affirmatively appears that two of the sureties (Grove and Duffield) had large personal estates. It does not appear that the sale was advertised as directed by the act. There are other objections to the sale ; but it is unnecessary to enumerate or further consider them. Indeed, the counsel of the appellants almost conceded, that if in this litigation the court could take cognizance of the objections to the regularity of the levy and sale, to defeat the convej'ance of the marshal, the title of the appellants as purchasers could not be sustained: and such is my opinion, without any concession of counsel. The nullity of the appellants’ title under the sale and conveyance renders it unnecessary to decide the question whether the convej'ance of Nathaniel Craighill be or be not fraudulent.
It is further insisted on behalf of the appellants, that though they may not be entitled as purchasers, yet they have, by their payment of the purchase money, discharged the claim of the United States; that that claim was a lien on the land in question; and that they, by substitution, are entitled to charge the land, to the extent of the amount paid on their purchase. No such claim is asserted by the appellants in their pleadings; and their counsel, conscious of this, insists that it appears in the proofs, and that it was fhe duty of the court below to have authorized or directed an amendment of the pleadings, for the purpose of giving the appellants relief on this ground of claim.
It is sufficient to say, that it was not the official duty of the court to direct the amendment, and that the omission of the appellants to ask leave, or to use the leave to amend, cannot in this court be objected as an error of the court below. Nay more, I think it is matter at least of grave doubt, whether such an amendment ought to have been authorized by the court. The parties had been engaged in a tedious and expensive litigation of a '^title asserted by the appellants. That litigation had swelled the record to a considerable size. The title litigated had failed, and the claim to be asserted by an amended bill was distinct from, and even incompatible with, that involved in the previous litigation. To permit the new and inconsistent claim to be brought forward by an amended bill, would have blended the new with the old controversy — would have incumbered the record with the volume of matter belonging to exploded and abortive litigation, and would have exposed the parties to the costs of imbodying all that useless matter in the record relative to the new claim : this useless expense to the parties producing only annoyance and inconvenience to court and counsel, especially in the event of appellate proceedings. And what advantage could result from this course of proceeding? Time would not be saved, because it would take as much time to mature the suit on the new claim asserted by an amended, as .though asserted by an original bill. The only effect would be to save the plaintiffs from a decree for the costs of the suit touching their abortive claim: and this is an effect which certainly does not recommend such a proceeding to the favour of the court.
The cross bill is but a pendant to the original, the object and function of which is to qualify or modify the relief that is sought by the original bill. But as that relief would not be granted though the cross bill had not been filed, the cross bill is supererogatory, and ought to be dismissed.
I am of opinion to affirm the decree.
The decree of the court of appeals was entered in the following terms:
“The court being of opinion that whatever claim the appellants, or either of them, have by substitution to the rights of the United States, or as cosureties of N. Craig-hill, or under the judgment, on an execution on *which N. Craighill was taken, or on the purchase by the appellant Grove of the interest of N. Craig-hill in the land, at the sheriff’s sale of the property surrendered bj' him on his discharge, pending this suit, as an insolvent debtor, those claims cannot be adjudicated in this case, they not being embraced by the pleadings, and will remain without prejudice from the decree of the court below, or the affirmance thereof by this court; and being further of opinion that there is no error in the said decree;” the same is affirmed, with costs.